# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
    **Plaintiff,**
    v.                                     **Criminal Action No. 1:05CR100**

**DONALD ROSS,**
    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 13th day of January, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Shawn Angus Morgan, Assistant United States Attorney, and also came the Defendant in person and by his attorney, Brian J. Kornbrath.

Counsel for Defendant advised the Court that Defendant would enter a plea of Guilty to Count One of the Indictment.

Counsel for the government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Counsel for Defendant then stated that the summarization of the written plea agreement was correct.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear

his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Donald Ross, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court ORDERED the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned

Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood the maximum fine that could be imposed was $250,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of not more than three (3) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated November 15, 2005, and signed by him on December 22, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District

Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, in or about September, 2004, at or near Jane Lew, Lewis County, West Virginia, the defendant did knowingly and falsely make counterfeit securities, that is, twenty dollar Federal Reserve Notes of United States currency with serial number BB17798964G and serial number BB89309931C and serial number CD64680639A. The parties further stipulate and agree that Mr. Ross uttered four (4) of these counterfeit securities in Clarksburg, Harrison County, West Virginia, on or about September 18, 2004.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count One of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count One of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he

expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up under the conditions set as part of the written plea agreement.

The undersigned Magistrate Judge further examined Defendant with regard to the issue of mandatory restitution, and determined that Defendant understood that mandatory restitution applied, that restitution was an issue, and that he had agreed to make restitution in the amount of $80.00 to the four businesses names in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with falsely making counterfeit securities in violation of Title 18, United States Code, Section 471.

The Court then received the sworn testimony of United States Secret Service Agent Tom Sheppard. and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count One of the Indictment. Agent Sheppard testified he was familiar with the investigation of Defendant. In September 2004, he was notified by the Harrison County, West Virginia, Sheriff's Department of an investigation regarding counterfeit securities passed in local businesses. Defendant was interviewed, and admitted to manufacturing eight Federal Reserve notes and passing seven. He was living near Jane Lew in Lewis County at the time. He consented

to a search of his residence. A computer was seized, and the hard drive searched pursuant to a search warrant. Scanned images of twenty-dollar Federal Reserve notes were found on the hard drive. Two of the scanned notes matched counterfeit notes recovered from businesses in Harrison County. All of the activities involved occurred within the Northern District of West Virginia.

The defendant then testified he believed he was guilty of the crime charged in Count One of the Indictment because he made copies of twenty-dollar bills using his computer scanner, and passed them through stores in Clarksburg, West Virginia, because he was desperate for money for his family.

From the testimony of Special Agent Sheppard, the undersigned Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Thereupon, Defendant, Donald Ross, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count One of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation

Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

Defendant is continued on release on bond pursuant to the conditions stated in the Order Setting Conditions of Release entered in this matter.

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 17th day of January, 2006.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE